Eric W. Hagen (SBN 192340)
ehagen@mwe.com
**McDermott Will & Emery LLP**
2049 Century Park East, Suite 3800
Los Angeles, CA 90067-3218
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

Krista Vink Venegas (SBN 219734)
kvinkvenegas@mwe.com
Michael P. Chu (*pro hac vice*)
mchu@mwe.com
**McDermott Will & Emery LLP**
444 W. Lake Street, Suite 4000
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

**Attorneys for Plaintiff, Bestway (USA), Inc.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Bestway (USA), Inc., | Case No.: 17-cv-9030 |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| Intex Recreation Corp., a California corporation, Intex Trading Ltd., a British Islands corporation and Intex Industries (Xiamen) Co., Ltd., a China corporation | |
| Defendants. | |

McDermott Will & Emery LLP
Attorneys At Law
Chicago

Plaintiff Bestway (USA), Inc. (referred to herein as "Bestway") brings this patent infringement action against Defendants Intex Recreation Corp., Intex Trading Ltd., and Intex Industries (Xiamen) Co., Ltd. (collectively referred to herein as "Intex" or "Intex Defendants") in connection with Intex's manufacture and sale of air beds covered by one or more claims of U.S. Patent No. 7,269,866 ("the '866 Patent"), including but not limited to the Intex Raised Downy Queen airbed, Intex Supreme Airflow airbed products and other Intex airbed products incorporating the claimed features of the '866 Patent ("Accused Airbeds"). Bestway hereby complains and alleges against Intex as follows:

## THE PARTIES

1. Plaintiff Bestway (USA), Inc. is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 3411 East Harbour Drive, Phoenix, Arizona.

2. Bestway is in the business of selling inflatable products, including inflatable airbeds.

3. On information and belief, Defendant Intex Industries (Xiamen) Co., Ltd. ("Intex-Xiamen") is a company organized under the laws of the People's Republic of China, having a principal place of business at Wengjiao Road, Haicang District, Xiamen, Fujian, China.

4. On information and belief, Defendant Intex Trading Ltd. ("Intex Trading") is an international trading entity organized as a limited company in the British Virgin Islands and is based in Hong Kong, specifically at 9/F Dah Sing Financial Centre, 108 Gloucester Road, WanChai, Hong Kong.

5. On information and belief, Intex Recreation Corporation ("Intex Recreation") is a private corporation incorporated in California. Intex Recreation is registered to do business in California and maintains a principal place of business in Long Beach California, specifically at 4001 Via Oro Avenue, Long Beach, California.

## JURISDICTION AND VENUE

6. Bestway re-alleges and incorporates by reference Paragraphs 1-5, as if fully set forth herein.

7. This is an action for patent infringement of the '866 Patent arising under the Patent Laws of the United States 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. § 271. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Intex-Xiamen because, on information and belief, Intex-Xiamen regularly engages in business in this judicial district, regularly solicits business in this judicial district, and derives substantial revenue from goods sold and used in this judicial district.

9. Intex-Xiamen's Accused Airbeds are or were available, and are or were being offered for sale and sold, via the internet on at least Amazon.com and in Wal-Mart stores, including to customers located within this District.

10. On information and belief, Intex-Xiamen manufactures airbeds, including the Accused Airbeds, and Intex-Xiamen sells the Accused Airbeds to Intex Trading. Intex-Xiamen directly or through intermediaries (including distributors, retailers and others), subsidiaries, alter egos and/or agents, has made, used, offered for sale, sold and/or imported into the United States, including to customers in this District, the Accused Airbeds.

11. Intex-Xiamen, directly or through intermediates (including distributors, retailers and others), subsidiaries, alter egos and/or agents, imports into the United States or offers to sell, sells or uses within the United States the Accused Airbeds.

12. Intex-Xiamen has purposefully and voluntarily placed one or more of the Accused Products into the stream of commerce with the awareness and/or intent that they will be purchased by customers in this District.

13. Intex-Xiamen knowingly and purposefully ships the Accused Airbeds into and within this District through an established distribution channel.

14. This Court has personal jurisdiction over Intex Trading because, on information and belief, Intex regularly engages in business in this District, regularly solicits business in this District, and derives substantial revenue from goods sold and used in this District. Intex Trading's Accused Airbeds are or were available, and are or were being offered for sale and sold, via the internet on at least Amazon.com and in Wal-Mart stores, including to customers located within this District.

15. On information and belief, Intex Trading imports airbeds into the United States that are subsequently offered for sale and sold in the United States, including the Accused Airbeds. Specifically, Intex Trading purchases the Accused Airbeds from Intex-Xiamen and then resells them to retailers and wholesalers in this District, such as Walmart and Intex Recreation.

16. This Court has personal jurisdiction over Intex Recreation because, on information and belief, Intex Recreation regularly engages in business in this judicial district, regularly solicits business in this judicial district, and derives substantial revenue from goods sold and used in this judicial district. Intex Recreation's accused infringing products are or were available, and are or were being offered for sale and sold, via the internet on at least Amazon.com and in Wal-Mart stores, including to customers located within this judicial district.

17. On information and belief, Intex Recreation operates several facilities, including a warehouse, distribution center, and offices for sales, marketing, and administrative employees and executives in this District, and such facilities and operations are used in part to support the importation, marketing, sales, distribution, and customer support for Intex airbed products, including the Accused Airbeds.

COMPLAINT FOR
PATENT INFRINGEMENT

18. Specifically, Intex Recreation purchases and imports Accused Airbeds from Intex Trading for the purpose of reselling to domestic customers in this District, such as Walmart.

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

20. Bestway realleges and incorporates by reference Paragraphs 1-19, as if fully set forth herein.

### The '866 Patent

21. On September 18, 2007, the United States Patent and Trademark Office ("PTO") issued the '866 Patent, which is entitled "Air Bed with Stable Supporting Structure." The inventor listed on the '866 Patent is Feng Liu, and the assignee listed on the '866 Patent is Bestway (USA), Inc. A true and accurate copy of the '866 Patent is attached hereto as Exhibit A.

22. Bestway is the assignee of and owns all rights and interest in and to the '866 Patent, including the right to sue for any infringement thereof.

### Bestway's Products Embodying the '866 Patent Claims

23. Bestway sells products in the United States that embody the inventions claimed in the '866 Patent, including the Bestway Foam Top Comfort Raised Airbed.

### Intex's Accused Airbeds

24. On information and belief, Intex is infringing the '866 Patent directly, jointly, contributorily and/or by inducement by, without authority, making, using, importing, selling, or offering for sale in the United States, including in this District, airbed products embodying the inventions claimed in the '866 Patent.

25. Specifically, on information and belief, Intex is infringing the '866 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Airbeds, specifically the Intex Raised Downy with built-in

electric pump – Queen (#66717E) and Intex Supreme Airflow-Queen (#64463W) and Twin (#64461E) products.

26. The Accused Airbeds are or were available, and are or were being offered for sale and sold at least at Wal-Mart stores in this District and on-line at: Walmart.com, Amazon.com, Sears.com, Target.com, AceHardware.com, VMInnovations.com, and QVC.com.

**Intex's Willful Infringement**

27. Intex's infringement has been, and continues to be, willful and deliberate.

28. On information and belief, Intex actively monitors the airbed industry and competitive intellectual property.

29. On information and belief, when Intex began to make, use, sell, offer to sell, and/or import the Accused Airbeds into the United States, Intex knew of the '866 Patent and knew that the Accused Airbeds practiced the '866 Patent.

30. Bestway has suffered, and will continue to suffer, damages from Intex's willful and deliberate acts of infringement complained of herein.

## COUNT ONE

('866 Patent Infringement)

31. Bestway realleges and incorporates by reference Paragraphs 1-30, as though fully set forth herein.

32. Each of the Intex Defendants has either, individually or as part of a joint enterprise or through the exercise of direction and control over at least one other Intex Defendant or third party, and directly infringed and is infringing, at least Claim 1 of the '866 Patent, literally or by the doctrine of equivalents, by making, using, offering to sell and selling, and/or importing the Accused Airbeds, which practices the invention claimed by the '866 Patent. At least one of the Intex Defendants will continue to infringe at least Claim 1 of the '866 Patent unless enjoined by this Court.

33. Intex directly infringes at least Claim 1 of the '866 Patent, for example, because:

    a. The Accused Airbeds are airbeds with a stable supporting structure;

    b. The Accused Airbeds satisfy the limitations of having "a periphery sheet";

    c. The Accused Airbeds satisfy the limitations of having "a top sheet";

    d. The Accused Airbeds satisfy the limitations of having "a bottom sheet";

    e. The Accused Airbeds satisfy the limitations of having "a middle sheet, which separates the air bed into an upper air-chamber and a lower air-chamber";

    f. The Accused Airbeds satisfy the limitations of having "a loop of an outer extending strip provided in the upper air-chamber, which separates the upper air-chamber into a peripheral air-chamber and an upper main air-chamber";

    g. The Accused Airbeds satisfy the limitations of having "a first set of extending strips, which is provided in the upper main air-chamber and consists of a plurality of parallel extending strips";

    h. The Accused Airbeds satisfy the limitations of having "a second set of extending strips, which is provided in the lower air-chamber, and which includes a plurality of parallel extending strips, and is welded to the middle sheet and the bottom sheet";

    i. The Accused Airbeds satisfy the limitations of having "an oblique extending strip, which is provided around the second set of extending strips and is welded to the periphery sheet and the bottom sheet to separate the lower air-chamber into a lower main air-chamber";

    j. The Accused Airbeds satisfy the limitations of having "a peripheral auxiliary air-chamber";

COMPLAINT FOR
PATENT INFRINGEMENT

k.  The Accused Airbeds satisfy the limitations of having "the lower main air-chamber includes a space which has a shape of an inverse cone and receives air therein";

l.  The Accused Airbeds satisfy the limitations of having "an outer surface of the lower main air chamber is concave with respect to an outer surface of the peripheral auxiliary air-chamber, that is, the outer surface of the peripheral auxiliary air-chamber extends beyond the bottom sheet of lower main air-chamber."

34. On information and belief, at least one Intex Defendant has contributed to the infringement of and continues to contributorily infringe one or more claims of the '866 Patent, by making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, a material or apparatus that is a component for use in practicing at least Claim 1 of the '866 Patent. On information and belief, Intex does so with knowledge that the component was especially made or adapted for use in a manner that would infringe at least Claim 1 of the '866 Patent when Intex sold, offered to sell, or imported the component. On information and belief, these components are not staple articles of commerce capable of substantial noninfringing uses.

35. On information and belief, at least one Intex Defendant has actively induced infringement of and continues to induce infringement of at least Claim 1of the '866 Patent by one or more Intex Defendants of third-parties by distributing or making available instructions or manuals for manufacturing the Accused Airbeds, and/or providing technical support for doing the same. On information and belief, Intex does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '866 Patent. At least one Intex Defendant intends to cause infringement by the other Intex Defendants, third-party manufacturers, distributors, importers, agents, and/or contractors.

COMPLAINT FOR PATENT INFRINGEMENT

1   36.  Intex's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of at least Claim 1 of the '866 Patent in violation of 35 U.S.C. § 271.

37.  Intex will continue to infringe the '866 Patent, causing immediate and irreparable harm to Bestway, unless this Court enjoins and restrains Intex's activities.

38.  Intex's infringement has deprived, and will continue to deprive, Bestway of sales, profits, and other related revenue that Bestway would have made and will continue to cause Bestway added injury and damage unless and until the Court enters an injunction prohibiting the manufacture, use, offer for sale, sale, and importation of the Accused Airbeds by Intex.

39.  Bestway is entitled to recover damages sustained as a result of Intex's infringement in an amount to be proven at trial, including but not limited to damages for lost profits, a reasonable royalty, interest, costs, attorneys' fees and other such relief as this Court deems appropriate.

40.  On information and belief, Intex's infringement of the '866 Patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. For at least that reason, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Bestway respectfully requests that the Court enter judgment in its favor and against each Intex Defendant, and provide Bestway the following relief:

A.  An adjudication that at least one valid and enforceable claim of the '866 Patent is infringed by Intex;

B.  A permanent injunction against Intex, its agents, servants, and any and all parties acting either in concert or in any business relationship with Intex, from directly or indirectly infringing in any manner any of the claims of the '866 Patent

COMPLAINT FOR PATENT INFRINGEMENT

pursuant to at least 35 U.S.C. § 283, including specifically an order enjoining the manufacture, use, sale, offering for sale in the United States, and/or importation of any infringing products into the United States;

    C.    An award of damages adequate to compensate Bestway for Intex's infringement of the '866 Patent in an amount to be proven at trial pursuant to 35 U.S.C. § 284 and pre and post judgment interest as allowed by law;

    D.    A finding that Intex's infringement of the '866 Patent was willful and awarding Bestway trebled damages under 35 U.S.C. § 284;

    E.    A finding that this case is "exceptional" under 35 U.S.C. § 285 and awarding Bestway its costs and reasonable attorney's fees;

    F.    An assessment and award of pre- and post-judgment interest on all damages awarded; and

    G.    Such other and further relief as the Court deems just and proper.

### Demand for Jury Trial

Plaintiff Bestway hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

DATED: December 15, 2017    **MCDERMOTT WILL & EMERY LLP**

By: /s/ Krista Vink Venegas

Attorneys for Plaintiff, Bestway (USA), Inc.

DM_US 87449575-1.100680.0010