1  KRISTA VINK VENEGAS (SBN 219734)   MICHAEL JAEGER
   krista.venegas@morganlewis.com      michael.jaeger@faegrebd.com
2  MORGAN, LEWIS & BOCKIUS LLP        TARIFA LADDON
   77 West Wacker Drive, Suite 500     tarifa.laddon@faegrebd.com
3  Chicago, IL 60601                   FAEGRE BAKER DANIELS LLP
   Telephone: 312-324-1000             11766 Wilshire Blvd., Suite 750
4  Fax: 312-324-1001                   Los Angeles, CA 90025
                                       Telephone: 310-500-2090
5  *Attorneys for Plaintiff,*          Fax: 310-500-2091
   *Bestway (USA), Inc.*
6                                      R. TREVOR CARTER
                                       trevor.carter@faegrebd.com
7                                      ANDREW M. MCCOY
                                       andrew.mccoy@faegrebd.com
8                                      REID E. DODGE
                                       reid.dodge@faegrebd.com
9                                      FAEGRE BAKER DANIELS LLP
                                       300 N. Meridian St., Suite 2700
10                                     Indianapolis, IN 46204
                                       Telephone: 317-237-0300
11                                     Fax: 317-237-1000

12                                     *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Bestway (USA), Inc., | Case No.: 2:17-cv-09030-PSG-JEM |
| Plaintiff, | |
| v. | **STIPULATED AND [PROPOSED] PROTECTIVE ORDER** |
| Intex Recreation Corp., a California corporation and Intex Trading Ltd., a British Islands corporation, | E-FILED AUG 3 0 2018 Document # |
| Defendants. | |

## 1. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Local Rule 79-5 and the Court's Guide to Electronically Filing Under-Seal Documents in Civil Cases if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

## 2. DESIGNATING PROTECTED MATERIAL

**2.1 Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise

unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2 Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

**2.2.1** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.2.2** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing

designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3 Inadvertent Failures to Designate.** An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4 and this Court's Standing Order. It shall be the designator's burden to establish the challenged designation is appropriate.

**3. ACCESS TO DESIGNATED MATERIAL**

**4.1 Basic Principles.** A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2 Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1** The receiving party's outside counsel of record in this action and employees or independent contractors of outside counsel of record (e.g., photocopiers, document production vendors, etc.) to whom disclosure is reasonably necessary;

**4.2.2** No more than three (3) representatives of the receiving party who are officers, directors, and/or employees of the receiving party and to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A, the signed copy of which shall be provided to the producing party before disclosure);

**4.2.3** Outside experts or consultants retained by the receiving party or its outside counsel of record and to whom disclosure is reasonably necessary, provided that: (1) such expert or consultant has signed the Agreement to Be Bound (Exhibit A) and the signed copy of which has been provided to the producing party prior to disclosure; (2) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor, at the time of retention, expected or anticipated to become an officer, director, or employee of a Party or of a competitor of a Party at any time within two years of retention; and (3) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 4.4.2, below;

**4.2.4** The Court and its personnel;

**4.2.5** Outside court reporters and their staff, to whom disclosure is reasonably necessary;

**4.2.6** During their depositions and at hearings, witnesses in the action to whom disclosure is reasonably necessary;

**4.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information;

**4.2.8** Graphics, interpretation, translation, design, and/or trial consulting personnel, who have signed the Agreement to Be Bound (Exhibit A, the signed copy of which shall be provided to the producing party before disclosure);

**4.2.9** Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose CONFIDENTIAL material and to keep any information concerning such material confidential;

**4.2.10** Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

**4.2.11** Any other person with the prior written consent of the producing party.

**4.3 Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material Without Further Approval.** Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

**4.3.1** The receiving party's outside counsel of record in this action and employees or independent contractors of outside counsel of record (e.g., photocopiers, document production vendors, etc.) to whom it is reasonably necessary to disclose the information;

**4.3.2** Outside experts or consultants retained by the receiving party or its outside counsel of record and to whom disclosure is reasonably necessary, provided that: (1) such expert or consultant has signed the Agreement to Be

Bound (Exhibit A) and the signed copy of which has been provided to the producing party prior to disclosure; (2) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor, at the time of retention, expected or anticipated to become an officer, director, or employee of a Party or of a competitor of a Party at any time within two years of retention; (3) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (4) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 4.4.2, below;

**4.3.3** The Court and its personnel;

**4.3.4** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A, the signed copy of which shall be provided to the producing party before disclosure);

**4.3.5** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information;

**4.3.6** Graphics, interpretation, translation, design, and/or trial consulting personnel, who have signed the Agreement to Be Bound (Exhibit A, the signed copy of which shall be provided to the producing party before disclosure);

**4.3.7** Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

  **4.3.8** Any other person with the prior written consent of the producing party.

**Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material.** Unless agreed to in writing by the designator:

  **4.4.1 Notice of Disclosure**

    **4.4.1.1** Prior to disclosing any protected material to any person described in Paragraphs 4.2.3 or 4.3.2 (hereinafter the "Person"), the party seeking to disclose such information will provide the producing party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of the Person's current employment and consulting relationships, and past relationships within the last ten (10) years, including relationships through entities owned or controlled by the Person, relating to the design, development, or patenting of inflatable products and/or to the acquisition of intellectual property assets relating to inflatable products; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years. The party seeking to disclose protected material will provide such other information regarding the Person's professional activities reasonably requested by the producing party for it to evaluate whether good cause exists to object to the disclosure of protected material to the outside expert or consultant. If the Person believes any of the information in this section is subject to a confidentiality obligation to a third party, then the Person should provide whatever information the Person believes can

be disclosed without violating any confidentiality agreements, and the party seeking to disclosing the information to the Person shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**4.4.1.2** Within five (5) business days of receipt of the disclosure of the Person, the producing party or parties may object in writing to the Person for good cause. In the absence of an objection at the end of the five (5) business-day period, the Person will be deemed approved under this Protective Order. There will be no disclosure of protected material to the Person prior to expiration of this five (5) business-day period. If the producing party objects to disclosure to the Person within such five (5) business-day period, the parties will meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. It shall be the objecting party's burden to demonstrate it has good cause to object. If relief is not sought from the Court within that time, the objection will be deemed withdrawn. If relief is sought, designated materials will not be disclosed to the Person in question until the Court resolves the objection.

**4.4.1.3** For purposes of this section, "good cause" will include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose discovery materials in a

way or ways that are inconsistent with the provisions contained in this Order.

**4.4.1.4** Prior to receiving any protected material under this Order, the Person must sign the Agreement to Be Bound (Exhibit A, the signed copy of which shall be provided to the producing party before disclosure).

**4.4.1.5** Only upon a material omission of information required by Paragraph 4.4.1.1 that would result in serious prejudice or business injury to a party who did not initially object to access by that Person may the non-objecting party later object to continued access by that Person. Any such later objection must be made in writing within three (3) business days of learning of the material omission of information. If such an objection is made, the Parties will meet and confer via telephone or in person within three (3) business days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have three (3) business days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further protected material will be disclosed to the Person until the Court resolves the matter or the producing party withdraws its objection. Notwithstanding the foregoing, if the producing party fails to move for a protective order within three (3) business days after the meet and confer, further protected material may thereafter be provided to the Person. If a later objection is made within a month of any

deadline involving the Person to whom protected material is not able to be shown as a result of the objection, the parties agree to work together in good faith to extend such deadline to permit time for the Court to rule on the objection and/or the Person (e.g., expert) to be replaced.

**4.4.2** All challenges to objections from the designator shall proceed under Local Rule 37-1 through Local Rule 37-4 and the Court's Standing Order.

4. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**5.1 Subpoenas and Court Orders.** This Order in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2 Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that party in this action and designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY that party must do the following.

**5.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order.

**5.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

      **5.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

    **5.3** **Wait For Resolution of Protective Order.** If the designator promptly seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**5. <u>UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL</u>**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**6. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a producing party gives notice that certain inadvertently produced material is subject to the attorney-client privilege, work-product protection, or any other applicable privilege, immunity, or protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order

that provides for production without prior privilege review pursuant to Fed. R. Evid. 502(d) and (e).

The inadvertent production of material subject to a claim of privilege or other protection, despite the producing party's reasonable efforts to prescreen such material prior to production, will not waive the applicable privilege and/or protection if the producing party requests return of the inadvertently produced material after the learning of its inadvertent production.

Upon a request from any producing party who has inadvertently produced material it believes is privileged and/or protected, the receiving party will immediately return the protected material and all copies to the producing party, except for any pages containing privileged markings by the receiving party, which the receiving party will instead destroy and certify such destruction to the producing party.

Nothing written here will prevent the receiving party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced material and such other information as is reasonably necessary to identify that material and describe its nature to the Court in any motion to compel production of the inadvertently produced material.

7. **FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with Local Rule 79-5 and the Court's Guide to Electronically Filing Under-Seal Documents in Civil Cases with respect to the filing of under seal documents. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient

to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. Accordingly, counsel are ordered to meet and confer in person or by telephone at least five (5) calendar days prior to the filing of an application wherein the basis for the sealing is that it has been deemed confidential by the other party. Not later than two (2) calendar days after the meet and confer process, the opposing party shall confirm whether such information shall be designated as confidential or whether it can be made available to the public. Such an application shall contain the dates and method by which the parties met and conferred otherwise it will be denied without prejudice to an amended application being filed after counsel have completed this process. If a *receiving party's* request to file designated material under seal pursuant to Local Rule 79-5.1 is denied by the Court, then the receiving party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within four (4) days of the denial, or (2) as otherwise instructed by the Court.

8. **PROSECUTION BAR**

Except as otherwise set forth herein, the Parties agree that individuals who receive information or material pursuant to Sections 4.2.2 and 4.3.1 shall not now, or for a period of two (2) years after the final disposition or settlement of this action (including appeals and petitions for review), be, directly or indirectly, engaged in any of the following activities relating to inflatable air beds: (i) prosecuting patent applications, (ii) patent reexamination proceedings, or (iii) patent reissue proceedings. The parties, however, agree that the foregoing restrictions do not

apply to *Inter partes* reexamination or review ("IPR") proceedings, or post-grant review proceedings ("PGR").

## 9. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

**So Stipulated and Agreed on August 27, 2018.**

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Krista Vink Venegas
KRISTA L. VINK VENEGAS

Attorneys For Plaintiff,
BESTWAY (USA), INC.

FAEGRE BAKER DANIELS LLP

By: /s/ Andrew M. McCoy
TARIFA B. LADDON
R. TREVOR CARTER
ANDREW M. MCCOY
REID E. DODGE

Attorneys For Defendants

## ATTESTATION

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the content of this filing and have authorized the filing.

Dated: August 27, 2018                                    /s/ Krista Vink Venegas

**IT IS SO ORDERED.**

Dated: 8/30/18

_____
Judge Philip S. Gutierrez
UNITED STATES DISTRICT JUDGE